The petition is therefore granted.

**No. 44695.**—Petition 5882–R of Frank P. Dow Co., Inc. (Los Angeles).

DALLINGER, Judge: This petition was filed under section 489, Tariff Act of 1930, for remission of additional duties imposed by the collector of customs at the port of Los Angeles on a particular importation of decorated glassware which was entered at less than the final appraised value.

At the first hearing, held at Los Angeles on November 30, 1939, before Cline, Judge, the petitioner offered in evidence the testimony of John L. Westland, a clerk in the employ of the petitioner, who testified that he prepared the entry papers in the instant case; that he entered the merchandise at the invoice values, being advised by the importer that said values represented the prices paid for said merchandise; that he made inquiries from other importers as to the value of said merchandise; that at the time of entry the customs officials had no information as to said values; that subsequently an investigation was made by the Treasury Department; that a year after the original entry was filed the witness was informed that the investigation was completed and was told what discount

should have been allowed from the invoice prices in order to make market value; that the witness then proceeded to amend the entries; that thereafter the value was advanced on account of certain nondutiable items which were deducted on making entry; that at the time of the witness' previous interviews with the examiner no mention was made as to said nondutiable charges; that subsequent entries of the same type of merchandise were also amended by the witness and were found correct because the alleged nondutiable items were not deducted; that the importer instructed the witness to amend the entries to show the value suggested by the examiner; that these were the first importations of this type of merchandise made by this importer; and that in making the amended entries the witness did not intend to conceal or misrepresent the facts concerning the value of the merchandise or to defraud the revenues of the United States.

On cross-examination the witness testified that he entered the merchandise at the invoice values because said values were correct as far as either the importer or the customs officials knew; that Examiner Hollis Reed informed him that the investigation was being conducted; that the witness filed amended entries in accord with the information received from the examiner; that the advance in value was made on account of the deduction of nondutiable items; and that he had been a a customs broker for 3 years prior to which time he was employed in the customhouse for 17 years.

On redirect examination the witness testified that at the time of entry the customs officials had no information in regard to the value of the merchandise in question.

At the second hearing, held at Los Angeles on March 19, 1940, before Dallinger, Judge, the ultimate consignee, Mrs. Irene B. Fish, testified that Frank P. Dow Co., Inc., the petitioner herein, was her customs broker; that the instant importations were the first made by her; that the invoices represented the prices actually paid for the merchandise; that at the time of entry she knew of no other value; that in instructing her broker to make entry at the invoice values she never had any intention to defraud the revenue of the United States or to conceal from or misrepresent any of the facts to the appraiser concerning the value of the merchandise.

Upon this record we are satisfied of the good faith of the petitioner in the premises and that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.